## IN THE UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO.:

ELIZABETH LOCKHART,

      **Plaintiff,**

vs.

STEINER MANAGEMENT SERVICES,
LLC, a Florida limited liability company,
STEINER TRANSOCEAN LTD., a
foreign corporation, and
ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation,

      **Defendants**,

_____/

### <u>COMPLAINT FOR DAMAGES</u>

Plaintiff, **ELIZABETH LOCKHART** (hereinafter "Plaintiff"), through undersigned counsel, files this Complaint for Damages against Defendants, **STEINER MANAGEMENT SERVICES, LLC, a Florida limited liability company and STEINER TRANSOCEAN LTD., a foreign corporation (hereinafter collectively "STEINER") and ROYAL CARIBBEAN CRUISES, LTD. ("Royal")** (**Steiner** and **RCCL** are sometimes hereinafter collectively referred to as "Defendants"), and alleges as follows:

1.      This maritime case involves an injury to a passenger while on a cruise line vessel. Plaintiffs are seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees.  This Court has jurisdiction based on diversity of citizenship 28 USC § 1332.

2.      Plaintiff was over twenty-one years old at the times alleged herein.

3.      Plaintiff is a citizen of the state of Ohio.

4.      At all times material hereto, STEINER MANAGEMENT SERVICES, LLC was and is a Florida limited liability company based in Coral Gables, Florida, and  STEINER TRANSOCEAN, LTD. was and is a foreign corporation conducting business in Miami-Dade County, Florida.

5.      Royal is a for-profit foreign corporation, based in Miami, Florida.  Royal is authorized to conduct and is conducting business in the State of Florida. Royal has consented to jurisdiction and venue in this forum.  Royal requires all cases filed by passengers be filed in this jurisdiction.

6.      At all material times Plaintiff was a fare paying passenger aboard Royal's vessel, the M/S ADVENTURE OF THE SEAS, which  departed from and returned to San Juan, Puerto Rico.

7.      At all material times, Royal owned and/or operated and/or managed and/or controlled the M/S ADVENTURE OF THE SEAS.

8.      At all material times, Defendants, Royal and Steiner, managed and/or controlled and/or employed the crew on the M/S ADVENTURE OF THE SEAS.

9.      At all material times, Defendants had a duty to use reasonable care for the health and personal safety of the passengers, including Plaintiff, during the cruise.

10.     At all material times, Defendants owed Plaintiff the duty to protect the

2

passengers, including Plaintiff, during the cruise aboard the M/S ADVENTURE OF THE SEAS, from the willful and/or intentional and/or criminal misconduct of their employees and the crew members aboard the M/S ADVENTURE OF THE SEAS.

11.     At all material times, Defendants employed and controlled the staff members working in the spa, including ("Nick"), an adult male, aboard the M/S ADVENTURE OF THE SEAS.

12.     At all material times, Defendants' employee, "Nick," was a member of the crew of the M/S ADVENTURE OF THE SEAS and was acting in the course and scope of his employment with Defendants.

13.     Prior to Plaintiff's arrival on the M/S ADVENTURE OF THE SEAS, Defendants knew or should have known that their employee, "Nick," had a history of sexually harassing and abusing passengers on the cruise ship.  Plaintiff had no knowledge that Defendants' employee "Nick" was a sexual predator, or that there was a risk of being a victim of sexual assault.

14.      Plaintiff boarded the M/S ADVENTURE OF THE SEAS on or about January 1st, 2010 and returned on or about January 10th, 2010. During this period of time, Defendants' employee "Nick" sexually harassed and sexually assaulted and battered Plaintiff for his own personal sexual arousal and gratification.  Defendants' employee "Nick" engaged in criminal conduct which victimized Plaintiff.

15.     The conduct of Defendants' employee, "Nick," included:

(a)     Engaging in the non-consensual touching of Plaintiff's body with  his

3

erect penis while Plaintiff's head was under a towel during the message; and

(b)      Engaging in the assault and battery of Plaintiff, by rubbing his erect

penis on Plaintiff's body while keeping her head covered with a towel during

an onboard massage.

16.      Defendants breached the duty owed to Plaintiff by acting in a negligent and careless manner which caused injury to Plaintiff during the cruise aboard the M/S ADVENTURE OF THE SEAS.

17.      Defendants are strictly liable to Plaintiff for the willful and/or intentional and/or criminal conduct of Defendants' employee "Nick" who sexually harassed and sexually assaulted and battered Plaintiff during the cruise aboard the M/S ADVENTURE OF THE SEAS.

18.      In addition to the sexual harassment and sexually assault and battery, Defendants' employee, "Nick," engaged in other intentional misconduct designed and intended to cause Plaintiff to experience severe emotional distress.

19.      Defendants' employee used his position as a massage therapist to take advantage of Plaintiff, who was there to receive a service.  Defendants' employee knew that Plaintiff was in a vulnerable position, nude on a massage table, and assaulted her.

20.      Defendants' employee, "Nick," violated Plaintiff's integrity, health, safety, and well-being, and exploited her innocence, naivete, trust, and good will, during the cruise aboard the M/S ADVENTURE OF THE SEAS.

21.      Plaintiff was required to obtain legal representation in order to protect her

4

rights.   Plaintiff's counsel requested information from the cruise line regarding the incidents at issue.

22.     As a direct and proximate result of Defendants' breach of duty, and Defendants' employee's intentional and outrageous conduct, Plaintiff suffered damages which included bodily injury, pain and suffering, disability, mental anguish, emotional trauma, loss of capacity for the enjoyment of life, embarrassment, expense of medical care and treatment, medication, counseling, lost wages, loss of ability to earn money, aggravation of a pre-existing condition, and loss of the ability to lead a normal life.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

23.     Plaintiff notified Defendants of her intent to assert her claims in a timely manner.  All pre-conditions to bringing this action have been met or have been waived.

## COUNT I

## NEGLIGENCE

24.     Plaintiff re-adopt and re-allege paragraphs 1 through 23, and further alleges as follows:

25.     Defendants breached the duty to exercise reasonable care for the safety of their passengers, including Plaintiff, and was negligent in one or more of the following respects:

   a.     By failing to promulgate, monitor and enforce rules or policies regarding the prohibition against crew members having contact and interaction, including sexual relations, with passengers;

   b.     By failing to have an adequate system in effect to prevent passengers from being sexually assaulted and battered by Defendants' employees;

c.   By failing to adequately screen their employees, or otherwise conduct adequate background checks on their employees, to prevent the hiring of sexual predators who prey on unsuspecting women and children;

d.   By failing to adequately train their employees;

e.   By failing to adequately supervise their employees;

f.   By hiring inexperienced or non-experienced security personnel;

g.   By failing to provide an adequate number of security personnel and supervisory personnel on aboard the vessel;

h.   By performing inadequate security checks of the premises;

i.   By failing to equip the vessel with video and security monitoring of areas where passengers have been and will be assaulted and battered;

j.   By failing to train, supervise, or discipline the employee in question;

k.   By failing to adequately warn passengers aboard Royal's vessels that there are real and significant dangers aboard the vessel, including the fact that other passengers have been sexually assaulted and battered by crew members, and by failing to advise passengers that a heightened degree of care should be exercised when dealing with the crew members aboard the vessel;

l.   By deliberately creating an environment whereby passengers would be deceived into believing that they are in a safe and friendly environment where it is safe to interact with male crew members where, in reality, passengers are at risk of being targeted and attacked by sexual predators;

m.   By covering up prior incidents of sexual harassment and sexual assault and battery aboard Royal's vessels, thereby preventing the public from gaining knowledge regarding potential dangers aboard Royal's vessels regarding sexual assaults;

n.   By failing to investigate similar incidents on Royal's vessels by Defendants'

6

employees;

o.    By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or passengers could be warned of the dangers posed to their health and physical and mental well being;

p.    By concealing, suppressing, and mis-characterizing information involving prior incidents where passengers are victimized aboard Royal's vessels by Defendants' employees;

q.    By refusing to report and/or under-reporting incidents involving sexual harassment and/or sexual assault and battery to the FBI and other law enforcement authorities;

r.    By mis-characterizing the incidents involving sexual harassment and/or sexual assault and battery to the FBI and other law enforcement authorities and, in particular, minimizing the crimes by mis-labeling the incidents (such as writing them off as an "inappropriate touch" or a " misunderstanding") in a conscious effort to dissuade the FBI from taking the crimes seriously and boarding the cruise ships to investigate the crimes; and

s.    By protecting Defendants' business interests and media image at the expense of the fundamental rights of the passengers and other members of the public who will be subjected to sexual assault and battery and otherwise victimized in the future.

26.    Pursuant to the doctrine of *respondeat superior*, Defendants are liable for any negligence that may be attributable to any of their employees who contributed to Plaintiff being sexually assaulted and battered on the cruise ship.

27.    As a direct and proximate result of the foregoing negligence of the Defendants, Plaintiff suffered damages which included bodily injury, pain and suffering,

disability, mental anguish, emotional trauma, loss of capacity for the enjoyment of life, embarrassment, expense of medical care and treatment, medication, counseling, lost wages, loss of ability to earn money, aggravation of a pre-existing condition, and loss of the ability to lead a normal life.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, including costs, interest, and other relief deemed appropriate by the Court, attorney fees where permitted by rule or statute, and trial by jury of all issues so triable.

## COUNT II

## BREACH OF CONTRACT - STRICT VICARIOUS LIABILITY

28.    Plaintiff re-adopts and re-alleges paragraphs 1 through 23, and further allege as follows:

29.    The above described actions of sexually assaulting and battering Plaintiff constitute a breach of the passenger tickets (contracts of common carriage), thereby rendering Defendants strictly liable for the damages caused by the willful and/intentional and/or criminal conduct of their employees and crew members.

30.    As a direct and proximate result of the foregoing negligence of the Defendants, Plaintiff suffered damages which included bodily injury, pain and suffering, disability, mental anguish, emotional trauma, loss of capacity for the enjoyment of life, embarrassment, expense of medical care and treatment, medication, counseling, lost wages, loss of ability to earn money, aggravation of a pre-existing condition, and loss of the ability

to lead a normal life.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demand judgment against Defendants for compensatory damages, including costs, interest, and other relief deemed appropriate by the Court, reasonable attorney fees where permitted by rule or statute, and trial by jury of all issues so triable.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

31.     Plaintiff re-adopts and re-alleges paragraphs 1 through 23, and further alleges as follows:

32.     The above described actions of Defendants and Defendants' employee constitute an intentional infliction of emotion distress upon Plaintiff.

33.     Plaintiff's damages are the proximate result of separate and independent torts committed by Defendants and Defendants' employee, to wit:

a.     Defendant's employee intentionally sexually harassed Plaintiff with the intention of causing Plaintiff to experience severe emotional distress;

b.     Defendants' employee intentionally sexually assaulted and battered Plaintiff for his own sexual gratification and with the intention of causing Plaintiff to experience severe emotional distress;

c.     Defendants' employee intentionally acted in a rude, insensitive, hostile and menacing manner toward Plaintiff, with the intention of causing Plaintiff to experience severe emotional distress;

d.     Defendants intentionally and deliberately concealed and suppressed the truth of prior incidents of sexual assault and battery and other criminal conduct committed by their male employees on female passengers for the

purposes of promoting their product, protecting their marketing image, keeping their cabin occupancy rate up, and other objectives designed to further their financial objectives, at the expense of Plaintiff and other unsuspecting members of the traveling public; and

e.     Defendants intentionally refused to timely and accurately report the crime aboard the M/S ADVENTURE OF THE SEAS to the FBI or other law enforcement authorities, with the intention of causing Plaintiff to experience severe emotional distress.

34.     Defendants know that there is a substantial difference between the incidents of sexual harassment and sexual assault and battery which are reported by passengers to Defendants, and the incidents which are in fact reported by Defendants to the FBI and other law enforcement authorities.

35.     Defendants made an intentional decision not to warn or otherwise protect their female passengers of the aforementioned dangers for business reasons in order to protect their marketing image when it knew that female passengers would be subjected to repeated incidents of sexual assault and battery by their employees in the future.

36.     Defendants' conduct is not an isolated or singular affair, but is part of a pattern of outrageous behavior which can be described in this community as being outrageous in nature.

37.     Defendants' outrageous conduct proximately caused Plaintiff to experience severe and extreme emotional distress.

38.     As a direct result of Defendants' intentional infliction of emotional distress, Plaintiff suffered and will continue to suffer severe physical and psychological damages including, but not limited to, severe and extreme mental pain and suffering, disability,

mental anguish, emotional trauma, loss of capacity for the enjoyment of life, embarrassment, expense of medical care and treatment, medication, counseling, lost wages, loss of ability to earn money, aggravation of a pre-existing condition, and loss of the ability to lead a normal life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demand judgment against Defendants for compensatory damages, including costs, interest, and other relief deemed appropriate by the Court, reasonable attorney fees where permitted by rule or statute, and trial by jury of all issues so triable. Plaintiff also intends, at a later date and upon a proffer of evidence in compliance with the Florida Rules of Civil Procedure, to seek punitive damages against Defendants for their outrageous conduct.

## REQUEST FOR JURY

Plaintiff is entitled to and requests trial by jury against Defendants on all issues and for all counts alleged in the Complaint.

**WHEREFORE**, Plaintiff prays that the complaint be deemed good and sufficient and that judgment be entered in Plaintiff's favor and against Defendants, for compensatory damages, punitive damages to be asserted in an amended pleading in compliance with the provisions of Florida Statute Section 768.72, costs, pre-judgment interest, interest, and attorney fees as permitted by law and statute, and for all other relief to which Plaintiff may be entitled by virtue of these proceedings, including trial by jury.

Dated: December 30, 2010                Respectfully submitted,

Miami, Florida

                                         /s/ James M. Walker
                                         James M. Walker
                                         Florida Bar No. 755990
                                         WALKER & O'NEILL, P.A.
                                         Attorneys for Plaintiffs
                                         Plaza 57, Suite 430
                                         7301 S.W. 57th Court
                                         South Miami, Florida 33143
                                         Tel. No.        (305) 995-5300
                                         Facsimile:      (305) 995-5310
                                         jwalker@cruiselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

                                         /s/ James M. Walker
                                         James M. Walker (755990)

**<u>SERVICE LIST</u>**

James M. Walker, Esq.
Jwalker@cruiselaw.com
Walker & O'Neill, P.A.
Plaza 57, Suite 430
7301 SW 57th Court
South Miami, Florida 33143
Phone:   (305) 995-5300
Facsimile: (305) 995-5310
*Attorneys for Plaintiff*