IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-24665-CIV-KING

ELIZABETH LOCKHART,

        Plaintiff,

v.

STEINER MANAGEMENT SERVICES,
LLC, a Florida limited liability company,
STEINER TRANSOCEAN LTD., a
foreign corporation, and ROYAL
CARIBBEAN CRUISES LTD., a Liberian
Corporation,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon two Motions to Dismiss filed by Defendants: one jointly filed by Defendants Steiner Management and Steiner Transocean (DE #16), and the other filed by Defendant Royal Caribbean Cruises (DE #15).[1] The Motions to Dismiss are directed at Plaintiff's three-count Complaint (DE #1),[2] which states three bases for recovery for certain acts that purportedly occurred aboard the M/S Adventure of the Seas on a January 1, 2011 sailing. Defendants' Motions to Dismiss state substantially similar grounds for dismissal. Upon review, the Court finds that those Motions must be granted.

### I.    Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as

---

[1] On April 6, 2011, Plaintiff filed a Consolidated Response (DE #24) to both Motions to Dismiss. Defendants subsequently filed Replies (DE #27, 28) on April 25, 2011. As such, this matter is ripe for determination.

[2] Plaintiff's three bases for recovery are negligence (Count I), breach of contract – strict vicarious liability (Count II), and intentional infliction of emotional distress (Count III).

true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).[3]

## II.    Factual Background

Plaintiff's Complaint alleges that she was a passenger from January 1, 2010 to January 10, 2010 aboard the M/S Adventure of the Seas, a ship owned and operated by Defendant Royal Caribbean ("RCL"). During her stay, Plaintiff purchased a massage from the Spa located aboard the ship. Her masseur was an employee named Nick, who Plaintiff alleges "sexually harassed and sexually assaulted and battered Plaintiff for his own personal sexual arousal and gratification." (DE #1 ¶14). Specifically, Plaintiff's head was covered by a towel during the massage, and Nick took advantage of her condition and rubbed himself against her. Plaintiff further claims that "Nick engaged in other intentional misconduct designed and intended to cause Plaintiff to experience severe emotional distress," *id.* ¶18, although Plaintiff fails to allege any

---

[3] There seems to be no dispute that this matter is covered by general federal maritime law, as the alleged torts occurred aboard the cruise ship on navigable waters. *See, e.g., Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972). *See also Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901-02 (11th Cir. 2004).

other such misconduct with particularity. Plaintiff makes no specific allegations regarding the actions of the individual Defendants.

### III. Discussion

Defendants now seek dismissal of each individual count of Plaintiff's Complaint. The Court will address each of Defendants' arguments in turn below.

#### A. Count I: Negligence

Defendants seek dismissal of Count I of the Complaint on several grounds. First, Defendants contend that Plaintiff failed to properly plead a claim for negligence.[4] In particular, Defendants claim that Plaintiff's Complaint alleges heightened duties for which Defendants cannot be responsible. For example, the Complaint alleges that Defendants breached their duty of care by "failing to promulgate, monitor and enforce rules or policies regarding the prohibition against crewmembers having contact and interaction, including sexual relations, with passengers." Defendants contend that such a heightened standard is not recognized by the Eleventh Circuit. Additionally, to the extent that Plaintiff's Complaint seeks to state a claim for negligent hiring in addition to negligence, Defendants note that Plaintiff has failed to plead the necessary elements. (DE #15 at 7-8; 16 at 7-8). Plaintiff's Consolidated Response fails to address Defendants' arguments in this regard.

More importantly, Defendants note that Count I, when considered in light of Count II, improperly seeks to allege two standards of care: one for strict liability and one for negligence. Particularly, Defendants claim that "Plaintiff's Complaint attempts to assert claims for both negligence and strict liability" when only a claim for strict liability is appropriate. (DE #15 at 2-

---

[4] As noted above, Defendants' Motions are substantially identical. In regard to Count I, Defendant RCL's Motion only augments Defendants Steiner Management and Steiner Transocean's Motion in that it specifies that Defendant RCL is bound only by a reasonable duty of care (DE #15 at 6).

3; 16 at 2-3). In support, Defendants cite an Eleventh Circuit case, *Doe*, which held the following:

> [D]efendants owe a non-delegable duty to protect their passengers from crew member assaults and thereby safely transport their cruise passengers. . . . [and] defendants are strictly liable for crew member assaults on their passengers during the cruise.

*Doe*, 394 F.3d at 913 (citing *Tulis v. Fidelity & Cas. Co.*, 397 F.2d 22 (5th Cir. 1968).[5] *See also Bird v. Celebrity Cruise Line, Inc.*, 428 F. Supp. 2d 1275 (S.D. Fla. 2005) (same).

Upon consideration of the relevant case law and the parties' arguments, the Court finds that Count I must be dismissed for the reasons stated by Defendants. While Plaintiff's Complaint improperly conflates two types of recovery sounding in negligence, negligence and negligent hiring, even if such actions were properly pleaded they would be inappropriate. Here, the proper standard for Plaintiff's claims is one for strict liability rather than reasonableness, and she need not meet the higher standard of negligence and reasonable care. *Doe*, 394 F.3d at 913. Therefore, Count I of Plaintiff's Complaint, which seeks to combine claims for negligence and negligent hiring, is dismissed with prejudice.

B. Count II: Breach of Contract – Strict Liability

In addition to their argument regarding the propriety of strict liability, Defendants also seek dismissal of Plaintiff's claim for breach of contract – strict vicarious liability on the basis that Plaintiff failed to specify any pertinent contract or portions thereof. Plaintiff has conceded that Count II was inartfully pleaded and should have omitted any reference to breach of contract. (DE #24 at 3). As such, the Court will not address Defendants' arguments regarding the insufficiency of the allegations in stating a claim for breach of contract. Instead, Plaintiff may

---

[5] In the case of *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4

amend her Complaint, if she so desires, within twenty days to restate her claims under Count II. Any such amendment should comply with the pleading requirements to establish strict liability as identified by *Doe*.

### C. Count Three: Intentional Infliction of Emotional Distress

Finally, Defendants seek dismissal of Count III, the claim for intentional infliction of emotional distress, on the basis that their actions cannot be considered "outrageous" as a matter of law.[6] Defendants correctly note that Florida law requires that Plaintiff must allege conduct "[s]o outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Met. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). Defendants contend that Plaintiff's allegations fail to meet this stringent standard. Plaintiff disagrees, stating that her allegations indicate outrageous behavior sufficient to satisfy the initial requirements of an action for the intentional infliction of emotional distress.

Again, the Court finds that Plaintiff's claim must be dismissed. Count III contains insufficient allegations to support a claim for the intentional infliction of emotional distress. Although the allegations of sexual assault are concerning, Plaintiff has provided few other factual allegations that would support a finding for outrageous behavior. Instead, Plaintiff merely alleges that "Nick engaged in other intentional misconduct designed and intended to cause Plaintiff to experience severe emotional distress." Such broad, conclusory statements cannot serve as the basis for a cause of action which is founded upon the necessity of certain actions that are so abhorrent to society that they are considered outrageous.

---

[6] Defendants' respective Motions to Dismiss are in all respects identical as to Count III of Plaintiff's Complaint.

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motions to Dismiss (DE #15, 16) are **GRANTED.**

2. Count I of Plaintiff's Complaint (DE #1) is **DISMISSED with prejudice.**

3. Counts II and III of Plaintiff's Complaint are **DISMISSED without prejudice** to amend **within twenty days** of the date of this Order, if she so desires.

**DONE** and **ORDERED** in Chambers at the James Lawrence Federal Justice Building and United States Courthouse in Miami, Florida on this 6th day of May, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff**
**James Madison Walker**
Walker & O'Neill PA
7301 SW 57th Court
Plaza 57 Suite 430
South Miami, FL 33143
305-995-5300
Fax: 995-5310
Email: jwalker@cruiselaw.com

**Counsel for Defendants**
**Danielle Portia Rubin**
Foreman Friedman, P.A.
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: Drubin@fflegal.com

**Darren Wayne Friedman**
Foreman Friedman, PA
2 S Biscayne Boulevard
Suite 2300
One Biscayne Tower
Miami, FL 33131
305-358-6555
Fax: 374-9077
Email: dfriedman@fflegal.com